LINUS HUMISTON ET AL.

v.

TRUSTEES OF SCHOOLS, etc.

1. SUIT ON BOND—ALLEGATION AND PROOF.—In a suit upon a township treasurer's bond, alleging that he had received money of the school district from the county collector which he had neglected to pay over to his successor, proof that he had received from such collector coupons upon bonds of said district does not meet the allegations in the declaration, and fails to establish a case for the plaintiff.

2. SCHOOL DIRECTORS—ESTOPPEL.—The township treasurer, by consent and direction of the school directors, received the coupons in place of the money due the district, and turned them over to his successor, and the school directors are, by their acts, estopped from tendering back the coupons and demanding payment of the money.

APPEAL from the Circuit Court of Jersey county; the Hon. J. J. PHILLIPS, Judge, presiding. Opinion filed August 13, 1880.

Messrs. SNEDEKER & HAMILTON, for appellants.

Messrs. WARREN & POGUE, for appellees; that the orders received from the collector were not proper subjects of set-off to the bond sued on, cited Waterman on Set-off 39; Harper v. Howard 3 Ala. 284; Prewitt v. Marsh, 1 Ala. 18; Wilson v. Borough of Lewiston, 1 Watts & Serg. 432; Read v. Penrose 36 Pa. St. 229; Middleton v. Watson, 1 Rawle, 330; Russell v. Church, 65 Pa. St. 14.

If the orders were proper matters of set-off, the plea failed to aver that defendant was possessed of them before the bringing of this action: Irvin v. Wright, 1 Scam. 136; Pettes v. Westlake, 3 Scam. 536; Hawks v. Lands, 3 Gilm. 227.

No demand was necessary before bringing this suit: Bedell v. Janney, 4 Gilm. 193; Hawly v. Sage, 15 Conn. 52; Lent v. Padelford, 10 Mass. 244; Trinkle v. Reeves, 25 Ill. 214; White v. Thomas, 39 Ill. 227; Smith v. Gillett, 50 Ill. 290; Byrne v. Ætna Ins. Co. 56 Ill. 321; Chapman v. Burt, 77 Ill. 337.

Casey, J.    This was an action of debt brought by appellees against Linus Humiston, treasurer of schools of Town Seven, north, range twelve, west of the third principal meridian, and his sureties on his bond as such treasurer.

The breach assigned in the declaration is that the said Humiston, as such treasurer, received from the county collector of funds belonging to District No. 8 of said township and range, the sum of $880; that the said sum was taxes collected in said school district for the year A. D. 1878, and belonging to the directors of schools of said district. That on the 7th day of April, A. D. 1879, Horatio N. Belt was appointed and qualified as treasurer of schools of said township. That the said Humiston, having the said sum in his hands belonging to said school directors, failed and refused to pay the same to his successor in office upon demand being made, etc.

To this declaration a plea of *nil debit* was filed, and the cause submitted to the court for hearing.

The trial proceeded, and after all the evidence was heard, the appellees, plaintiffs below, tendered to appellants in open court the coupons about and on account of which this suit was brought, and the attorneys for appellants received said coupons, and asked and obtained leave of the court to file a plea of set-off, and having filed said plea appellees filed a demurrer thereto.    The court sustained the demurrer and entered judgment against appellants for the sum of $6,500, that amount being the penalty named in the bond, to be discharged by the payment of $660 damages.

Appellants bring the case to this court and assign for error, 1st.    The court erred in finding the issue for the plaintiffs, and in giving judgment for the plaintiffs.    2nd.    The court erred in sustaining the demurrer to the plea of set-off.    To a proper understanding of this case it will be necessary to detail the testimony at some length.    Upon the part of the plaintiffs, it appeared that Belt was appointed treasurer of schools of said township on the 7th of April, 1879; that he settled with Humiston, his predecessor, on the 10th of April, A. D. 1879, as shown by the books of the treasurer; that he did not know until after the settlement that Humiston had given

receipts to the county collector for the sum of $660, belonging to said school district No. eight of said township; that he received from Humiston at the time of such settlement the orders or coupons belonging to said school district No. eight, amounting to $660; that he still holds such orders or coupons as treasurer; that they were the orders or coupons received by Humiston from the county collector. The coupons are signed by the Directors of Schools of said district No. eight, and payable at the office of the treasurer of schools of said township on the 15th day of December, A. D. 1878; that the county collector, instead of paying Humiston the money collected as taxes in said school district No. eight, had delivered to him the coupons aforesaid.

On the part of the defendant below, it appeared that Humiston was treasurer of schools of said township, from February 1875, to the 10th of April 1879. That he settled with Belt, his successor in office, and transferred to him his books, papers, etc. And that Belt's attention was called to the account of said district No. eight, and that he delivered to him the coupons in controversy, and that Belt knew he had received the coupons from the county collector. That Humiston before he received the orders or coupons from the county collector, called upon the directors of said district eight, and asked them what he should do about taking the orders from the collector, and told them that if they did not desire him to receive said orders from the collector, to make an order on their record to that effect, and he would not receive them. And that the directors stated they had already made an order on him, and that they could not order the treasurer not to pay them. That in consequence of this understanding, with the knowledge and consent of the directors, he received from the collector coupons amounting to the sum of $660. That the directors in 1876, after a vote of the people, etc., had issued $10,000 in bonds for the purpose of purchasing or erecting a school house in said district, and the coupons paid or received by the treasurer had been attached to those bonds. There is nothing in the record tending to show that the bonds had

been illegally issued, or that there was not a legal obligation on the part of the district to pay the coupons and bonds.

The statement of the settlement between Humiston and Belt, as it appears on the treasurer's book, shows that Humiston received from the county collector $660 in coupons, and that they were transferred or delivered to his successor in office. This was substantially all the evidence in the case, and as before stated, at this point the plaintiff below in open court made a tender of the coupons to the defendants, and the counsel for the defendants, inadvertently, perhaps, and without due reflection, received said coupons, and obtained leave to file a plea of set-off. This proceeding somewhat complicates the case. The demurrer to the plea was sustained by the court, and we think properly so.

The plea does not contain such a statement of facts as shows an indebtedness on the part of plaintiffs to defendants, or such a state of case as would authorize the defendants to set-off the coupons in question.

A more important question is, did the proof sustain the averments in the declaration?

It will be remembered that the breach assigned in the declaration, is that Humiston received $660 in money from the county collector; that he failed to pay it to his successor in office, etc. Does the proof sustain this breach? We think clearly it does not. It is not, in fact, pretended in the proof that Humiston received any money that he did not account for; but that instead of money he received coupons from the county collector, and that with the consent of the school directors. Receiving coupons is not receiving money, nor is that evidence that he had money on hand belonging to the school district or directors.

If, as is claimed, the action of Humiston was illegal in receiving the coupons in lieu of the money, the facts should have been specifically charged in the declaration, showing why he was chargeable with the sum of $660; not because he then had and retained the money in his possession, but because by his illegal action in the premises the school district had lost or been deprived of the sum of $660

There is another question going, perhaps, to the foundation of this suit, that it may be profitable for us to consider now, and that is whether or not the directors of schools of said district No. Eight, for whose use this suit is brought, and who alone are interested in its prosecution, are not estopped by their own acts and declarations from preferring any claim against Humiston, because of this transaction.

It is worthy of remark, here, that the conduct of Humiston seems to have been perfectly fair and honorable, and he seems to have acted in the most perfect good faith. There is not the slightest evidence to show any personal interest on his part in the transaction; on the contrary, the evidence does show that he was actuated by a most commendable zeal, to faithfully discharge his official duties, at the same time giving to the directors, if there was any question about the legality of the bonds or the coupons, an opportunity to protest against their payment, or to direct that they should not be received or paid. The testimony of Humiston is uncontradicted. If it had been untrue it would not have been difficult to introduce the directors and show its falsity. He states in substance that before receiving the coupons in question, he called upon the directors for orders in regard to receiving them. The directors seems to have regarded the coupons as orders on the treasurer, and he stated to them that if they did not desire him to receive them, to so order on the record. That they declined to make the order, and added that they had already directed him to pay them, etc. He acted on these declarations with the knowledge and consent of the directors, received the coupons, and in his settlement, transferred them to his successor in office.

It would seem that the doctrine of equitable estoppel is peculiarly applicable to this case. The doctrine of estoppel *in pais* is to prevent injuries arising from acts or declarations which have been acted upon in good faith, and which it would be inequitable to permit the party to retract. In order to create such an estoppel the party estopped must have induced the other party to occupy a position he would not have occupied but for such acts and declarations. The conduct and declarations must be such as would ordinarily lead to the results

complained of.   Knoebel v. Keicher, 33 Ill. 308;  Heffner v. Vandolah, 57 Ill. 520.   It is to prevent injustice—a shield, not a sword—and may be interposed to prevent injuries arising from acts or declarations which have been acted on in good faith.   Ball et al. v. Hooten, 85 Ill. —;  Thomas v. Bowman et al. 29 Ill. 429;  Bigelow on Estoppel, 475 *et seq.*

Many other authorities might be referred to on this subject.   It seems very clear that Humiston was induced to receive the coupons in question by the declarations and conduct of the directors, and if he was it would be most unjust and inequitable to allow them to retract.   We think a plea embodying the facts by way of an estoppel, and re-tendering the coupons which we suppose, as we have already stated, were inadvertently received, would be a good plea in bar. The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.