### 33598. GARDNER v. GWINNETT CIRCUIT BAR ASSOCIATION.

JORDAN, Justice.

Richard E. Gardner appeals from an order of a judge of the Superior Court of Gwinnett County declining to approve his application to take the state bar examination.

The appellant was certified in DeKalb County to take the February, 1976, examination. He failed, and was unable to attend the July, 1976, examination. He was certified to take the February, 1977, examination on the basis of his previous certification. While he was awaiting the result of this examination, an incident which had occurred in September, 1976, was reported to the DeKalb Superior Court, and this caused an investigation of his character and fitness to become an attorney. A hearing was held, but the proceeding was dismissed without action. In a letter to the State Board of Bar Examiners the DeKalb Superior Court stated that due to questions concerning the legality of the hearing, and since the appellant had failed to pass the examination, the court had decided not to withdraw the certification, but to inform the examiners that allegations had been made as to his moral character and fitness to practice law. The appellant moved to Gwinnett County, and applied there to take the July, 1977, examination. An investigation and hearing followed, culminating in the order denying approval to take the February, 1978, examination.

1. The appellant asserts that the court erred in refusing to recognize his previous certification to take the examination within one year prior to August 1, 1977. This assertion is based on an interim provision of the rules for the admission to the Bar effective August 1, 1977, which provides: "Applicants certified by a judge of the superior courts within one year prior to August 1, 1977, upon a

proper showing to the State Board of Bar Examiners that nothing has transpired since such certification which would affect such applicant's fitness to practice law, may continue to take the bar examination without further investigation." Section 20, Code Ann. Ch. 9-1, Appendix. The purpose of this rule was to effect a transition from the previous method of investigation of applicants by the judges of the superior courts to the present method of investigation by the Board to Determine Fitness of Bar Applicants. The interim rule did not prevent the investigation of an incident occurring after his original certification in February, 1976.

2. The appellant contends that the court erred in failing to apply the principles of double jeopardy and res judicata to his status as an applicant to take the bar examination, since his conduct had been investigated in DeKalb County and the certification had not been withdrawn.

The investigation of the character and fitness of an applicant to take the bar examination is not a criminal proceeding, and the principle of double jeopardy has no application to such investigation. The dismissal of the investigation, without action, when it was learned that the appellant had failed to pass the February, 1977, examination, did not preclude a new investigation into the same incident on the appellant's reapplication to take the examination.

3. The appellant contends that the court committed error in basing its decision on a transcript of the previous hearing in DeKalb County, and in admitting the transcript in evidence.

The record does not support the contention that the decision was based on the DeKalb transcript. The order of the judge denying certification states that it was based on the evidence submitted at the hearing.

Counsel for the appellant objected to the use of the transcript of the previous hearing in DeKalb County as substantive evidence, but did not object to its use for impeachment purposes. Counsel used the transcript in cross examining the witness Jerry Blackstock. No error is shown in the introduction in evidence of the DeKalb transcript.

4. The appellant asserts that the judicial process used in the case violates procedural and substantive due process. Specifically it is asserted that: The Gwinnett Superior Court failed to advise the appellant as to the nature of the actual or supposed deficiency in his application so that he might intelligently rebut or refute such deficiency. The court should have made findings of fact and conclusions of law. The order amounts to a "decertification" which is unauthorized by law. The order attempts to forever bar the certification of the appellant to take the bar examination.

We have examined the proceeding and have determined that the appellant was afforded due process.

The appellant was well aware of the nature of the charge against him prior to the hearing.

Under the former rules there was no requirement that the superior court make findings of fact and conclusions of law when denying an application to take the bar examination. A hearing on the fitness of an applicant to take the bar examination is not such an action as is contemplated under Code Ann. § 81A-152 (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171), requiring the finding of facts and conclusions of law in actions tried upon the facts without a jury.

The order was not an unauthorized "decertification" of the appellant. Rule 6 (b) of the rules in effect at the time of the hearing provided: "If, after initially certifying an applicant and prior to an applicant taking the oath of an attorney as prescribed in Code § 9-115, facts which raise the question as to the fitness of the applicant to practice law . . . come to the attention of the superior court, notice of such facts shall be given to the applicant . . . and a further determination made as to the applicant's fitness." This rule authorized the withdrawal of certification.

The order of Gwinnett Superior Court does not purport to foreclose a certification at some future time if the Board to Determine Fitness of Bar Applicants determines that he has become rehabilitated. Rule 6 of the rules effective August 1, 1977, provides that, in lieu of rejecting an applicant, a decision may be made by the board that a period of rehabilitation is necessary. Code

Ann. Ch. 9-1, Appendix Sec. 6. This is an indication that a previously rejected applicant could be found by the board to be rehabilitated.

5. The remainder of the contentions of the appellant pertain to the sufficiency of the evidence to sustain the denial of his application for certification to take the bar examination.

In August, 1976, Mr. Jerry Blackstock, an attorney, took the appellant's deposition in connection with a case in which Mr. Blackstock represented a client who sued Rich's, Inc., for false arrest in a shoplifting charge. The appellant had worked as a security guard for Rich's at the time of the alleged shoplifting incident. About a month after the deposition the appellant called Mr. Blackstock, and thereafter came to his office on two occasions.

In his testimony at the hearing Mr. Blackstock gave a detailed account of the conversations he had with the appellant on these two occasions. The only logical inference to be derived from the appellant's statements was that the appellant was offering to give testimony favorable to Mr. Blackstock's client for the sum of $1,500.

The appellant testified that: He called Mr. Blackstock to inquire about his fee for giving the deposition, and to ask if he hired investigators, because he thought he might be able to get some information on the case against Rich's. When he went to Mr. Blackstock's office the first time he talked with him about doing investigative work for him, and they discussed his doing investigative work in the Rich's case and in other cases. Mr. Blackstock told him he usually paid his investigators $10 per hour, and he told him that he thought he could investigate the Rich's case for $200. When he talked with Mr. Blackstock the second time, Mr. Blackstock told him that they could not give him money to investigate the Rich's case, that this would be wrong. He did not understand what Mr. Blackstock meant. He did not intend to convey the impression to Mr. Blackstock that he would be willing to give testimony, change his testimony, or procure witnesses to give false testimony, for a fee. He did not intend to do anything but offer his investigative services.

The testimony of Mr. Blackstock and the appellant

could not be reconciled. If Mr. Blackstock correctly understood, and correctly quoted, their conversations, the appellant's conduct was criminal under Code Ann. § 26-2312 (Ga. L. 1968, pp. 1249, 1310). Under the appellant's version of the conversations, he was guilty of no wrongdoing.

The determination of the moral character and fitness of an applicant to take the bar examination is an important function, since the well-being of society is involved as well as the rights of the individual desiring to become an attorney. The judge had ample evidence to authorize the decision that the appellant should not be allowed to take the February, 1978, bar examination, and we will not reverse that decision.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 12, 1978 — DECIDED JUNE 27, 1978 — REHEARING DENIED JULY 20, 1978.

*Simmons, Warren & Szczecko, Joseph Szczecko,* for appellant.

*Arthur K. Bolton, Attorney General, R. Douglas Lackey, Assistant Attorney General,* amicus curiae.