ROBERTSON and RATLIFF, JJ., concur.

**Robert J. CROSS, Larry Kramer and Albert L. Bell, Individually and as members of the Police Civil Service Commission, and City of Michigan City, Indiana, Defendants-Appellants,**

v.

**STATE of Indiana on relation of Roger D. LINTON, Plaintiff-Appellee.**

No. 3–1279A357.

Court of Appeals of Indiana, Fourth District.

April 29, 1981.

Rehearing Denied June 16, 1981.

Steven C. Snyder, Steven J. Henry, Michigan City, for defendants-appellants.

Hilbert L. Bradley, Gary, for plaintiff-appellee.

MILLER, Judge.

Defendant-appellant, the Michigan City Police Service Commission (the Police Commission),[1] appeals the judgment of the Porter Superior Court reversing the Police Commission's decision to dismiss permanently from the Michigan City Police Department the plaintiff-appellee, Officer Roger D. Linton. The Police Commission raises one issue to this Court: Did the trial court err in ruling as a matter of law that the doctrine of double jeopardy precluded the Police Commission from conducting a hearing and permanently dismissing Officer Linton for neglect of duty after the Michigan City Chief of Police, David LaRocco, had suspended Linton without pay for ten working days?[2]

We reverse for the reasons stated below.

## FACTS

The facts relevant to this appeal, which are derived from the trial court's findings

---

1. The Police Commission's members, Robert J. Cross, Larry Kramer and Albert Bell, were named defendants as its members and individually. Additionally, the City of Michigan City, Inc. was included as a defendant.

2. The Police Commission also claims the trial court exceeded its power to review the Police Commission's administrative action under Ind. Code 4–22–1–18 by ordering Officer Linton's reinstatement onto the police force since the court concluded the Police Commission did not act arbitrarily, unlawfully or capriciously in permanently dismissing Linton and because it ruled that the ordered dismissal was supported by sufficient evidence. However, this issue has been waived since the Police Commission failed to include it in its Motion to Correct Errors. Ind.Rules of Procedure, T.R. 59(G).

of fact and are not contested by either side, are as follows:

On September 6, 1978 Officer Linton, a 12 year veteran of the Michigan City police force, while on duty, patronized a local business known as "The Saloon" for about 28 minutes. During this time he received a radio dispatch from police headquarters directing him to proceed to a designated location to investigate a reported burglary; however, Officer Linton did not respond to this dispatch for approximately 12 minutes. Based upon this delayed response, Chief David LaRocco suspended Officer Linton without pay for ten working days from October 1 to October 14, 1978. Robert Cross, the Police Commission's Secretary, notified Officer Linton in writing on October 5 that due to the September 6 incident Chief LaRocco had charged Linton with neglect of duty and conduct unbecoming an officer under the Police Commission's Regulation No. 5, Articles II and VII, respectively, and that a hearing on these charges would be held October 25. At that hearing, where Officer Linton was represented by counsel, testimony was submitted to the Police Commission, after which it found "that sufficient evidence of probative value appears in the record to show that [Officer Linton's] conduct on September 6, 1978 constitutes neglect of duly [*sic*]. Pursuant to the request of Chief David LaRocco it is the [Police] Commission's determination that [Officer Linton's] conduct constitutes sufficient grounds for dismissal." Then the Police Commission permanently dismissed Officer Linton from the Michigan City Police Department.[3]

Officer Linton, on October 27, filed in the LaPorte Superior Court No. 1 a "Complaint for Judicial Review of Police Civil Service Commission Decision" contending that: 1) the October 25 hearing violated his due process rights because prejudicial evidence was admitted and 2) that the Police Commission could not discipline him for the same misconduct which served as Chief LaRocco's reason for his suspension. The Police Commission countered that the hearing was properly conducted and, further, that it could delegate its daily disciplinary authority to Chief LaRocco through published rules and regulations allowing the police chief to suspend immediately any policeperson for violation of its rules without notice or a hearing but subject to its review with the possibility of further disciplinary action (including dismissal).

The case was venued to the Porter Superior Court which, after considering the Police Commission's findings of fact and conclusions of law as well as briefs submitted by both sides, on May 10, 1979 entered the previously summarized findings. Based upon these findings it concluded:

1) The October 25 hearing did not violate Officer Linton's due process rights due to the admission of hearsay evidence and evidence of prior rule infractions by Linton.

2) The Police Commission's findings were supported by sufficient evidence as were the charges levied by Chief LaRocco.

3) The Police Commission, pursuant to its power to dismiss, suspend or punish police officers granted in Ind.Code 19-1-29-5, possessed the implicit authority to delegate its disciplinary power to the police chief.[4]

---

**3.** Pursuant to Ind.Rules of Procedure, A.R. 7.2, the Police Commission as the appellant is obligated to provide this Court with a complete and adequate record of proceeding—including a transcript of the October 25 hearing as well as the Police Commission's regulations. It has failed to include these items in the record; rather than issue an order mandating inclusion of these items in the record, we will resolve the issue presented to us since our decision does not require a review of the omitted items.

**4.** Ind.Code 19-1-29-1 *et seq.* delineates the role and power of the Police Commission.

With regard to discipline, IC 19-1-29-5(a) specifically states:

"Dismissals, suspensions and punishments of members of the police department shall be by the commission and shall be for the causes, except as herein otherwise provided, and under the same rules of procedure including the right of appeal as are now or may hereafter be provided by laws pertaining thereto for the cities included in the classification of this act [19-1-29-1—19-1-29-10]; except that wherever in such laws, reference is made to commissioners of public safety, board of public works and safety, board of metropolitan

4) Chief LaRocco's ten day suspension of Officer Linton was proper and his failure to appeal this suspension waived any error stemming therefrom.

5) The October 25 hearing constituted "double jeopardy" since the Police Commission could delegate its disciplinary power to the police chief, but could not retain any authority "to increase or decrease the punishment imposed" by the Police Chief. Therefore, the Police Commission's decision permanently dismissing Officer Linton constituted "a double punishment for one offense [which was] unlawful, capricious and void."

After the Police Commission's Motion to Correct Errors was denied, it properly perfected this appeal raising the previously stated issue.

## DISCUSSION AND DECISION

The Police Commission argues that its disciplinary proceedings are civil instead of criminal proceedings. Since the doctrine of double jeopardy applies only in criminal matters, it claims the doctrine does not preclude it from conducting a hearing on Chief LaRocco's charges subsequent to his suspension of Officer Linton and increasing the disciplinary punishment imposed by Chief LaRocco. Officer Linton does not respond to the Police Commission's argument; rather, he now attempts to challenge the ten day suspension imposed by Chief LaRocco claiming that due process required notice and a hearing prior to *any* disciplinary action by *either* Chief LaRocco or the Police Commission. While he does not deny receiving proper notice of the October 25 hearing, he argues that Chief LaRocco's failure to provide notice and a hearing prior to his decision to impose the ten day suspension tainted all subsequent disciplinary proceedings. Furthermore, Officer Linton contends this appeal should be dismissed since the Police Commission failed to prepare an adequate record of proceedings pursuant to A.R. 7.2(A).

Clearly Officer Linton's initial assertion is not properly before this Court since he failed to challenge (or even mention) the suspension in his petition for review of the Police Commission's decision. He can not make such an attack for the first time in this Court. *Campbell v. Eli Lilly and Co.,* (1981) Ind.App., 413 N.E.2d 1054. In regard to Officer Linton's assertion that the record submitted to us is incomplete thereby necessitating dismissal of the appeal, we observe that the Police Commission has satisfied A.R. 7.2(B), which requires submitting only those portions of the record *necessary* to resolve the issue raised on appeal, because the issue before us focuses upon its power to review and increase the disciplinary action imposed by the police chief instead of centering upon the validity of delegating its power to suspend subjects to its review. Finally, Officer Linton does not challenge the trial court's findings and they are sufficient to allow us to review the issue presented. Therefore, while the record is not complete, it adequately allows this Court to resolve the issue raised.

We now turn to the actual issue before us: Does the doctrine of double jeopardy preclude the Police Commission from increasing the discipline originally imposed by Chief LaRocco?

As a general rule double jeopardy is applicable only to criminal matters and is not applied in civil proceedings. *In re Kesler,* (1979) Ind., 397 N.E.2d 574; 21 Am. Jur.2d *Criminal Law* § 169 (1965); 22 C.J.S. *Criminal Law* § 240 (1961); 8 I.L.E. *Criminal Law* §§ 83, 84 (1971). For example, numerous jurisdictions have refused to apply this doctrine in state bar disciplinary procedures because such proceedings are civil, not criminal in nature. *State v. Russell,* (1980) 227 Kan. 897, 610 P.2d 1122 (U.S. app. pending); *Gardner v. Gwinnett Circuit Bar Ass'n.,* (1978) 241 Ga. 614, 247 S.E.2d 64; *Urbano v. State Bar,* (1977) 19 Cal.3d 16, 136 Cal.Rptr. 572, 560 P.2d 1; *Attorney Grievance Committee v. Andreson,* (1977) 281 Md. 152, 379 A.2d 159; *In re Mackay,*

police commissioners, board of metropolitan police and fire department, or board, it shall

be construed for the purposes of this act, to refer to the commission in lieu thereof."

(1965) Alaska, 416 P.2d 823. Indiana has adopted this rule in attorney disciplinary matters. *In re Kesler, supra.*

■ Admittedly our research has not revealed that the question of the applicability of the double jeopardy doctrine to police disciplinary proceedings has ever been specifically argued to our Court of Appeals or Supreme Court. In *City of Muncie v. Campbell,* (1973) 156 Ind.App. 59, 295 N.Ed.2d 379, the Muncie Chief of Police suspended Officer Marvin E. Campbell for ten days without pay and subsequently, the Muncie Police and Fire Merit Commission (the Commission) after notice and a hearing, suspended Officer Campbell for 113 days without pay, reduced his rank to patrolman and placed him on probation for 252 additional days. Officer Campbell appealed the Commission's decision and received an injunction preventing enforcement of the Commission's order. On appeal the basic issue before this Court concerned whether, pursuant to Ind.Code 19–1–14–19, Officer Campbell could be subjected to additional disciplinary action by the Commission after the police chief's ten day suspension. This Court held that Officer Campbell could be subjected to such further disciplinary action, premising its decision upon IC 19–1–14–19 and its explicit grant of power to the police chief to discipline temporarily policepersons, subject to further action by the Commission. Therefore, the Court did not address the specific issue before us. *Id.* at 63–65, 295 N.E.2d at 382–84.

Our neighbor state, Illinois, has addressed the specific issue before us in *Bart v. State Dept. of Law Enforcement, Div. of State Police,* (1977) 52 Ill.App.3d 487, 10 Ill.Dec. 320, 367 N.E.2d 773. An Illinois state police officer, Louis J. Bart, was suspended by the state police superintendent for 30 days for infractions of rules (issued and enforced by the Illinois State Merit Board) pending the filing of charges against Bart with the Merit Board. After a hearing on these charges, the Merit Board permanently discharged Bart and he unsuccessfully appealed his discharge to the Sangamon County Circuit Court. On appeal, Bart argued that the double jeopardy doctrine precluded the Merit Board from discharging him for the same acts of misconduct which served as the basis for the superintendent's suspension. The Court rejected Bart's argument noting that the Merit Board proceedings were civil proceedings to which double jeopardy was inapplicable. It observed that to accept Bart's argument would mean that "[a] person of doubtful character or competence would still be working pending the discharge proceedings. Due process [in the form of the double jeopardy doctrine] in this context does not demand such an unreasonable result." *Id.* at 491, 10 Ill.Dec. at 323, 367 N.E.2d at 776.

We agree with the holding and rationale espoused in *Bart.* Although, as noted above, *City of Muncie v. Campbell, supra,* did not address the double jeopardy issue; in fact it did suggest the alleged dual punishment by the Muncie police chief and the Commission had a twofold salutory purpose.

"First, to allow expeditious treatment of minor infractions; and secondly, to allow immediate suspension of an officer who is suspected of more serious misconduct, in order to remove him from the responsibilities of his position in the interval between the occurrence of the misconduct and the full hearing by the Commission. The necessity of removing a serious offender from his sensitive position of authority pending a fair hearing cannot be denied. As appropriately stated in *McElroy v. Trojak* (1959), 21 Misc.2d 145, 189 N.Y.S.2d 824, 826–827:

'Police officers occupy a unique status in the maintenance of law and order in a community and the public interests would be seriously jeopardized in the case of a police officer if he were allowed to be incompetent or charged with misconduct and it was required that he be retained in office pending the hearing of the charges. In the case of police officers the power to temporarily and summarily suspend in the case of misconduct or incompetency is absolutely indispensable.'

Adoption here of the interpretation made by the trial court and as espoused by appellee Campbell would permit a Chief of Police, by issuing a mere reprimand or a one day suspension, to completely circumvent the statutory authority of the Commissioners of Public Safety to discipline police officers for serious offenses."

*City of Muncie v. Campbell, supra,* 156 Ind. App. at 64, 295 N.E.2d at 381. Double jeopardy applies only in the criminal setting. *In re Kesler, supra.* Here the Police Commission's proceedings were civil in nature and did not constitute criminal proceedings. Therefore, double jeopardy did not preclude the Police Commission from conducting a hearing on the charges against Officer Linton and subsequently dismissing him. *Bart v. State Dept. of Law Enforcement, Div. of State Police, supra; See City of Muncie v. Campbell, supra.* We can not accept the conclusion of the trial court thereby creating the unreasonable and unconscionable result of permitting "an officer who is suspected of more serious misconduct" to continue working pending the Police Commission's hearing and thereby obstruct efficient police administration and inhibit the promotion of public safety. *Id.* at 64, 295 N.E.2d at 382. For the foregoing reasons the trial court's judgment on this issue is reversed and the case remanded with instructions to affirm the Police Commission's dismissal of Officer Linton.

Reversed and remanded.

YOUNG, P. J., and CHIPMAN, J., concur.