CITY OF FORT WAYNE,
Appellant–Defendant,

v.

Christine SLATTERY, Appellee–Plaintiff.

No. 02A03–0209–CV–304.

Court of Appeals of Indiana.

July 16, 2003.

---

Timothy A. Manges, Fort Wayne, IN, Attorney for Appellant.

Richard E. Beers, Laura L. Reuss Beers, Mallers Backs & Salin, LLP, Attorneys for Appellee.

## OPINION

MAY, Judge.

The City of Fort Wayne appeals the trial court's determination that the City's Board of Public Safety ("the Board") exceeded its statutory authority when it increased the punishment imposed on a police officer instead of either upholding or reversing the disciplinary decision made by the Chief of Police. The City raises one issue on appeal: whether the trial court erroneously reversed the decision of the Board regarding the discipline of Officer Christine Slattery.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Slattery is a Fort Wayne police officer. On January 1, 2001, Slattery was on patrol duty when she heard a dispatch regarding an armed subject barricaded inside a residence with a four-year-old child. She drove past the residence without stopping to assist the two officers who responded to the call. On February 26, 2001, Slattery received a notice from the Chief of Police that he was suspending her for cause for a period of 42.5 working hours. Slattery appealed the Police Chief's decision to the Board pursuant to Ind.Code § 36-8-3-4.1(b).[1]

On June 14, 2001, the Board conducted a hearing regarding her suspension. On July 5, 2001, the Board issued its "Administrative Hearings Findings and Conclusions." Slattery's failure to stop and assist, the Board determined, violated a police department rule regarding "backups and assistance." (App. at 28.) The Board did not include in its appendix the text of the rule. However, the Board took notice in its administrative decision

---

1. Ind.Code § 36-8-3-4.1(b) states:

In addition to the disciplinary powers of the safety board, the chief of the department may, without a hearing, reprimand or suspend without pay a member, including a police radio or signal alarm operator or a fire alarm operator, for a maximum of five (5) working days. For the purposes of this section, eight (8) hours of paid time constitutes one (1) working day. If a chief reprimands a member in writing or suspends a member, the chief shall, within forty-eight (48) hours, notify the board in writing of the action and the reasons for the action. A member who is reprimanded in writing or suspended under this section may, within forty-eight (48) hours after receiving notice of the reprimand or suspension, request in writing that the board review the reprimand or suspension and either uphold or reverse the chief's decision. At its discretion, the board may hold a hearing during this review. If the board holds a hearing, written notice must be given either by service upon the member in person or by a copy left at the member's last and usual place of residence at least fourteen (14) days before the date set for the hearing. The notice must contain the information listed under section 4(c) of this chapter. If the decision is reversed, the member who was suspended is entitled to any wages withheld as a result of the suspension.

of "the duty of every officer to back up his or her fellow officers and ... to respond to all serious dispatches unless relieved of duty by a superior officer." (*Id.* at 29.) It sustained the Chief's recommendation that a violation had occurred, but increased Slattery's suspension from 42.5 working hours to 85 working hours.

On August 20, 2001, Slattery brought a verified complaint against the City pursuant to Ind.Code § 36–8–3–4(e)[2] appealing the Board's decision. All parties moved for summary judgment. After a hearing, the trial court held that because the Board did not initiate disciplinary proceedings under Ind.Code § 36–8–3–4, but instead received an appeal under Ind.Code § 36–8–3–4.1, the Board erroneously increased the length of Slattery's suspension. The trial court reversed the Board's decision and ordered the City to pay Slattery wages withheld as a result of the Board's July 5, 2001 decision. However, the court ordered that the original February 26, 2001 "Notice of Suspension" issued by the Chief of Police remain in full force and effect.

## DISCUSSION AND DECISION

Our standard of review of a summary judgment motion is the same standard used in the trial court. *Shell Oil Co. v. Lovold Co.*, 705 N.E.2d 981, 982 (Ind.1998), *reh'g denied.* Summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). The party seeking summary judg-

ment has the burden of demonstrating that no question of fact exists as to any material issue and that it is entitled to judgment as a matter of law. *Henthorne v. Legacy Healthcare Inc.*, 764 N.E.2d 751, 756 (Ind. Ct.App.2002). All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party. *Durham ex rel. Estate of Wade v. U–Haul Int'l*, 745 N.E.2d 755, 758 (Ind.2001), *reh'g denied.* Our review of a summary judgment motion is limited to those materials designated to the trial court. *Henthorne*, 764 N.E.2d at 756.

### Statutory Authority of Safety Board and Police Chief

Disciplinary procedures for firefighters and police officers in second and third class cities and in towns and townships with full-time paid police or fire departments are governed by Ind.Code § 36–8–3–4 and § 36–8–3–4.1. Section 36–8–3–4 outlines the authority of the municipality's safety board to discipline officers. Section 36–8–3–4.1 deals with a department chief's authority to discipline officers.

Under Ind.Code § 36–8–3–4, a Board must follow specific substantive and procedural measures before disciplining officers. Ind.Code § 36–8–3–4(c) states in pertinent part: "Before a member of a police or fire department may be suspended in excess of five (5) days without pay, demoted, or dismissed, the safety board shall offer the member an opportunity for a hearing." Under Ind.Code § 36–8–3–4.1(b), the Chief of Police may, without a hearing, reprimand a member or to suspend a member for a maximum of five working days[3] without pay.

2. Ind.Code § 36–8–3–4(e) states:

The reasons for the suspension, demotion, or dismissal of a member of the police or fire department shall be entered as specific findings of fact upon the records of the safety board. A member who is suspended for a period exceeding five (5) days, demot-

ed, or dismissed may appeal the decision to the circuit or superior court of the county in which the unit is located. However, a member may not appeal any other decision.

3. The Chief overstepped the authority given to him by Code § 36–8–3–4.1(b) when he suspended Slattery for 42.5 hours. Under Ind.

The record does not reflect Slattery was offered a hearing before she was suspended. Her notice of suspension came from the Chief of Police and indicated Slattery could appeal the decision to the Board. Consequently, Slattery was suspended under the authority granted the Chief of Police by Ind.Code § 36–8–3–4.1(b), and was not suspended under the authority granted the Board under Ind.Code § 36–8–3–4.

If a chief reprimands a member in writing or suspends a member, the chief "shall, within forty-eight (48) hours, notify the board in writing of the action and the reasons for the actions." Ind.Code § 36–8–3–4.1(b). A member thus reprimanded or suspended may appeal the chief's decision to the Board. The member should "request in writing that the board review the reprimand or suspension and either *uphold or reverse* the chief's decision ... [i]f the decision is reversed, the member who was suspended is entitled to any wages withheld as a result of the suspension." *Id.* (emphasis supplied).

Pursuant to Ind.Code § 36–8–3–4.1(b), Slattery appealed the Chief's decision to the Board within forty-eight hours. The Board appropriately chose to conduct a hearing on the matter. However, instead of upholding or reversing the chief's decision as required under Ind.Code § 36–8–3–4.1(b), the Board increased Slattery's punishment.

The City asserts the Board's additional suspension was within the scope of its authority, relying on *City of Muncie v. Campbell,* 156 Ind.App. 59, 295 N.E.2d 379 (1973). There, we determined a police officer who was suspended from duty by the chief of police pursuant to Ind.Code § 19–

1–14–19 (repealed, now Ind.Code § 36–8–3.5–19) could be subjected to further disciplinary action by the police and fire merit commission pursuant to the same statutory provision.

The chief of police suspended Campbell for ten days. Five days later, the Muncie Police and Fire Merit Commission notified the officer that charges had been filed against him and that a hearing had been set. At the hearing, the Commission increased his suspension to 113 days, reduced his rank to patrolman, and placed him on probation for an additional 252 days. The Commission acted pursuant to the following statute:

> The chief of police or the chief of the fire department may impose reprimands and suspensions from duty without pay for a period not exceeding ten (10) days. If such action is taken by a chief, such chief shall within forty-eight (48) hours thereafter notify the commission in writing of such action and the reasons therefor. All other dismissals, suspensions and punishments of members of the police or fire department shall be by the commission and shall be for cause, and under the same rules of procedure including the right of appeal as are now or may hereafter be provided by laws pertaining thereto for cities of the second class[.]

Ind.Code § 19–1–14–19 (1971).

Campbell's appeal, like Slattery's, was based on the premise that the statute contained mutually exclusive disciplinary procedures—that is, that no officer could be subject to both the ten day suspension by the Police Chief *and* subsequent disciplinary action by the Commission. *Campbell,*

---

Code § 36–8–3–4.1(b), he was entitled to suspend her for a maximum of five working days or 40 hours. However, Slattery does not contest the suspension ordered by the Chief. She contests the subsequent action of the Board so we will not address the propriety of the Chief's decision to suspend her for more than 40 hours.

156 Ind.App. at 63, 295 N.E.2d at 381–82. We held the two courses of disciplinary action provided in the statute were supplemental and not mutually exclusive. We determined the police chief was given the power to summarily suspend officers for a short period of time "[f]irst, to allow expeditious treatment of minor infractions; and secondly, to allow immediate suspension of an officer who is suspected of more serious misconduct." *Id.* We stated that the "language of the statute itself indicates that the Legislature contemplated that the police chief's suspension would be supplemental to, rather than in lieu of the other punishments therein provided for." *Id.*

*Campbell* is not dispositive in this case. The City notes that the relevant parts of the statute pursuant to which Slattery was disciplined and the statute that replaced the one applied in *Campbell,* Ind.Code § 36–8–3.5–19, are "identical in language." (Br. of Appellant at 7.) They are. However, the statute that replaced the provision addressed in *Campbell* after its repeal is significantly different in language from the one we interpreted in *Campbell* and on which the *Campbell* result was based. Specifically, the statute we interpreted in *Campbell* did not contain the language regarding the Board's authority to "review the reprimand or suspension and *either uphold or reverse* the chief's decision." Ind.Code § 36–8–3–4.1(b).

We noted initially in *Campbell* that "it is axiomatic that penal statutes of the nature here involved must be strictly construed." 156 Ind.App. at 63, 295 N.E.2d at 382. It is a long-recognized rule of statutory construction that a change of phraseology from that of the original act will raise the presumption that a change of meaning was also intended. *Gingerich v. State,* 228 Ind. 440, 445, 93 N.E.2d 180, 182 (Ind.1950); *Medical Disposal Services, Inc. v. Indiana Dept. of Environmental Management,* 669 N.E.2d 1054, 1058 (Ind.Ct.App.1996), *reh'g denied, trans. denied* 683 N.E.2d 589 (Ind. 1997). Further, when the General Assembly replaces the provisions of an act that has been construed by the courts, such as that we interpreted in *Campbell,* it is presumed that it is responding to those appellate decisions that construed the legislation. *Jones v. State,* 457 N.E.2d 231, 234 (Ind.Ct.App.1983).

After *Campbell* was decided, the legislature added language indicating the Board's options on appeal from a disciplinary action by the Chief of Police under Ind.Code § 36–8–3–4.1 are to "either uphold or reverse the chief's decision." We must presume that change in phraseology reflected the legislature's intent to change the meaning of the statute, and that the limitation on the Board's authority came in response to our decision in *Campbell,* which held the Board on appeal could do more than merely "uphold or reverse."

 Indiana law requires an administrative body to adopt and follow the statutorily prescribed methods of exercising its powers and duties. *Lewis v. Board of School Trustees of Charles A. Beard Memorial School Corp.,* 657 N.E.2d 180, 183 (Ind.Ct.App.1995), *reh'g denied, trans. denied.* Here, the statute prescribes that the Board "uphold or reverse" a chief's decision when an officer appeals the chief's decision to the Board. The Board did neither in Slattery's case.

The judgment of the Allen Superior Court is thus affirmed.

BROOK, C.J., and FRIEDLANDER, J., concur.