**David TOLSON, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 285S64PS.**

Supreme Court of Indiana.

May 30, 1986.

David Tolson, pro se.

Susan K. Carpenter, Public Defender, Indianapolis, amicus curiae.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

In granting appellant David Tolson's Petition for Post-Conviction Relief, we noted this Court's recent adoption of amendments to section 10 of Rule 1 of the Rules of Procedure for Post-Conviction Remedies. Those amendments alter the earlier prohibitions against imposition of a greater sentence upon any reconviction than was imposed as a result of the original conviction.

The amendments to the Rule were issued effective January 1, 1986, and our earlier decision in this case indicated that they would apply to Tolson and to any other "petitions upon which relief is granted after that date." *Tolson v. State* (1986), Ind., 489 N.E.2d 42.

Appellant seeks rehearing on the question of applicability of the amended Rule to him. The Public Defender of Indiana has sought to intervene as *amicus curiae,* which request is granted. She has filed a Petition for Modification or Clarification, noting the anomalous result of applying the new rule to those petitions which were filed before January 1, 1986, but which had not been fully litigated. For example, two petitioners who had filed on the same day during 1985 could well be ultimately subjected to substantially different penalties for reasons having nothing to do with their own actions. One might have managed to obtain relief in December and proceed anew under the old Rule 1; the other might have completed a hearing on his petition in December, found it taken under advisement by the trial court and granted in January 1986, and proceeded under the new Rule 1.

The Public Defender is quite correct that such a result would eventually raise substantial questions of due process. It is also easy to see a basis for claims involving equal protection. Without exploring the precise nature of the claims that might be made, it is sufficient to say that the exigencies which led this Court to adopt the amendments to Rule 1 are not such that they justify protracted litigation over questions having to do only with the applicable effective date.

Accordingly, we grant appellant Tolson's Petition for Rehearing and the Public Defender's Petition for Modification of our previous ruling and hereby order that the recent amendments to section 10 of Rule 1 of the Rules of Procedure for Post-Conviction Remedies will affect only those petitions *filed* after January 1, 1986.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.