Steven Lee **NEWVILLE**, Appellant,

v.

**STATE of Indiana**, Appellee.

Nos. 1085S416, 1085S417.

Supreme Court of Indiana.

Aug. 24, 1987.

Bruce S. Cowen, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Pending before us are two direct appeals arising from two separate trials. However, the issues presented are identical and therefore both appeals are addressed in this single opinion.

The issues raised are: (1) whether the trial court erred by admitting statements made by appellant following arrest; and (2) whether the trial judge erred in the sentencing determination.

Appellant was charged with rape, a class A felony, in Cause No. 1085 S 416 and charged with rape, a class A felony, and robbery, a class B felony in Cause No. 1085 S 417. Following his arrest, appellant confessed to the three crimes and the confession was tape recorded. Appellant entered into a plea agreement in which he agreed to plead guilty to both rapes in exchange for two 20 year sentences and dismissal of the robbery charge. Appellant successfully challenged the plea agreement in a post-conviction action and was subsequently tried for all three crimes. Appellant was convicted of rape, a class B felony, in Cause No. 1085 S 416 and sentenced to 15 years. In a separate trial, Cause No. 1085 S 417, appellant was convicted of rape, a class A felony, and robbery, a class B felo-

ny, and sentenced to 20 years for the rape and 10 years for the robbery. All sentences were ordered to run consecutively.

## I.

In both trials appellant challenged the admission into evidence of statements made by himself following arrest on the grounds that he did not knowingly and voluntarily waive his *Miranda* rights. Appellant states that he was under the influence of drugs at the time of the confession and therefore any waiver was not made knowingly and voluntarily.

When the admissibility of a self incriminating extra-judicial statement is challenged upon the grounds that it had not been given voluntarily, Indiana requires the State to prove beyond a reasonable doubt that it was. *Jackson v. State* (1980) [274] Ind. [297], 411 N.E.2d 609, 610–611; *Magley v. State* (1975), 263 Ind. 618, 626, 335 N.E.2d 811, 817; *Burton v. State*, (1973), 260 Ind. 94, 105, 292 N.E.2d 790, 798. "However, in reviewing the trial court's ruling upon the issue, we will consider only the evidence which supports that ruling, when the evidence is in conflict, as well as any unrefuted evidence in the defendant's favor." *Jackson v. State*, 411 N.E.2d. at 611. As in other appellate reviews for sufficiency of the evidence, we cannot weigh the evidence or determine the credibility of the witnesses. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, 1264, *cert. denied* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. "We will not disturb the trial court's ruling if, from that standpoint, there was sufficient evidence to support it beyond a reasonable doubt." *Grey v. State* (1980) [273] Ind. [439], 404 N.E.2d 1348, 1351.

*Heartfield v. State* (1984), Ind., 459 N.E.2d 33.

At the suppression hearings, Detective Kiessling made the following observations about appellant's demeanor at the time of waiver.

In Cause No. 1085 S 416:

"I observed that he was physically awake. He didn't appear to be intoxicated. He appeared to understand our questions and he answered very rapidly and just general appearance, he appeared as any other person we had talked with. .... I felt, as I testified, that he was competent and understood what he knew he was doing the day that he gave the statement and acknowledged that he did waive his rights, and he did understand his rights and that he was competent to go ahead and tell us what happened."

And in Cause No. 1085 S 417:

"I observed him to be a clean-cut young man, He appeared quite clear when he spoke.... I observed his action, how he spoke, that he was competent at the time we talked to him and that he did, indeed, understand his rights and that he did know what we were talking about that day."

Appellant's evidence that he was under the influence of drugs was contradicted by the testimony of Detective Kiessling and this testimony was sufficient to support a finding that appellant knowingly, intelligently and voluntarily waived his right and that his statement was voluntary.

## II

Appellant asserts that it was error for the trial court to sentence him to an aggregate term of 45 years when, under the original plea agreement, he faced only 40 years.

The State concedes this issue and graciously provides the legal support for appellant's assertion.

In an almost identical fact situation, this court, in *Ballard v. State* (1974), 262 Ind. 482, 318 N.E.2d 798, held that pursuant to post-conviction Rule 1, § 10, a defendant who has successfully challenged his guilty plea may not be sentenced to a total executed time greater than he received in the original plea agreement.

Consequently, since appellant originally received two 20 year consecutive sentences, he may not now be sentenced to a term of imprisonment in excess of that 40 years.

The dismissal of the robbery charge was part of the plea agreement and therefore is included in computing the maximum time to which appellant may be sentenced. *Ballard, supra. Bates v. State* (1981), Ind., 426 N.E.2d 404.

We note here that PC 1, § 10 was amended effective January 1, 1986 to permit a greater sentence under certain circumstances. The amendment applies only to petitions filed after January 1, 1986. *Tolson v. State* (1986), Ind., 493 N.E.2d 454. Appellant's petition was filed on October 19, 1984 and therefore he is not affected by the amendment.

This cause is remanded to the trial court for resentencing to a total aggregate term of imprisonment not to exceed 40 years.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.