Clarence E. JOHNSON, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 45A03–9601–PC–10.

Court of Appeals of Indiana.

Aug. 26, 1996.

Susan K. Carpenter, Public Defender, Mario Joven, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Pamela Carter, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for appellee-respondent.

## OPINION

STATON, Judge.

Clarence E. Johnson ("Johnson") appeals from the denial of his second petition for post-conviction relief. He presents one issue for our review which we restate as: whether the post-conviction court erred in denying his successive petition.

We reverse and remand.

In November 1982, Johnson pled guilty to three counts of attempted murder. Johnson received a forty-year sentence. In December 1983, Johnson filed a *pro se* petition for post-conviction relief. An amended petition was filed by counsel in August 1985. Following a hearing, the post-conviction court denied Johnson's request for post-conviction relief in November 1985. In December 1987, this court affirmed the post-conviction court's denial of Johnson's first petition for post-conviction relief by memorandum decision. In March 1989, Johnson filed his second petition for post-conviction relief. This successive petition was dismissed by the trial court on September 9, 1995, because Johnson failed to file a successive petition for post-conviction relief with the clerk of the Indiana Supreme Court. This appeal ensued.

■ Johnson argues that the post-conviction court erred in denying the successive petition for post-conviction relief because the court relied on a rule that was not in effect at the time Johnson filed his petition. The State fails to acknowledge or address this argument in its brief. Under the rules of post-conviction relief, the petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993), *reh. denied.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Id.*

■ In denying Johnson's second petition for post-conviction relief, the post-conviction court stated:

Upon review of the complete record in this cause ..., the defendant has previously had a petition for post-conviction relief resolved in this matter. The fact that a previous petition for post-conviction relief had been decided was apparently not known to the court at the time the petition offered on March 29, 1989, was docketed. In order for the defendant to proceed further in this matter, he must file a successive petition for post-conviction relief with the clerk of the Indiana Supreme Court. The petition for post-conviction relief filed in 1989 is dismissed, and the clerk is directed to show this cause as disposed.

Record at 77. The post-conviction court relied upon Ind.Post–Conviction Rule 1(12), which requires leave of either the Indiana Supreme Court or the Indiana Court of Appeals before filing a successive petition in the trial court. Section 12 was added to the post-conviction rules in 1990 and was subsequently amended in 1994. *See* P–C.R. 1(12) (West Supp.1995) (historical notes). Thus, the post-conviction court retroactively applied P–C.R. 1(12) to Johnson's second petition.

The Indiana Supreme Court has determined the retroactive application of an amended rule of procedure for post-conviction remedies is improper. *See Tolson v. State*, 493 N.E.2d 454 (Ind.1986). In that case, the court addressed a petition for post-conviction relief in light of new amendments the court had made to Ind.Post–Conviction Rule 1(10). That rule altered "the earlier prohibitions against imposition of a greater sentence upon any reconviction than was imposed as a result of the original conviction." *Id.* at 454. Upon rehearing, our supreme court concluded that the rule should only apply to those petitions for post-conviction relief filed after the amendment's effective date. *Id.* at 455. Thus, the new rule was applied only to those who would have been

aware of the new rule at the time they filed their petition. *See Sneed v. Associated Group Ins.*, 663 N.E.2d 789, 796 (Ind.Ct.App. 1996) (comparing the amendment of the post-conviction rules with amendment of the rules of appellate procedure).

In this case, Johnson filed his successive petition on March 29, 1989. Section 12, requiring leave of one of the appellate courts, did not exist at that time. Therefore, the post-conviction court erred in dismissing Johnson's petition for not complying with P–C.R. 1(12).[1] We reverse the dismissal of Johnson's successive petition for post-conviction relief and remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.

HOFFMAN and KIRSCH, JJ., concur.

---

1. We note that the State fails to address this argument and instead addresses the successive petition on its merits. This we cannot do. The post-conviction rules allow the post-conviction court to deny the petition without further proceedings if the pleadings conclusively show that Johnson is entitled to no relief. P–C.R. 1(4)(e); *Harrison v. State*, 585 N.E.2d 662, 666 (Ind.Ct. App.1992), *trans. denied*. Moreover, the rules require the post-conviction court to make specific findings of fact and conclusions of law on all issues presented, whether or not hearing is held. P–C.R. 1(6); *State v. Van Orden*, 647 N.E.2d 641, 645 (Ind.Ct.App.1995), *trans. denied*. Here, there are no such findings or conclusions for us to review.