## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 08 2019, 5:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Rodney Kinta Jenkins
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Rodney Kinta Jenkins,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

November 8, 2019

Court of Appeals Case No.
02A03-1710-PC-2334

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D05-1609-PC-121

**Shepard, Senior Judge.**

[1] Rodney Kinta Jenkins is incarcerated for convictions of felony murder and two counts of criminal confinement. He succeeded in having a robbery conviction

vacated on direct appeal, but he did not prevail on his petition for post-conviction relief. This Court granted him permission for a successive petition. The trial court denied that petition, and we affirm.

## Issues

The key issues in this appeal are as follows:

I.    Whether the successive post-conviction relief court (SPCR court) erred in granting the State's request to accept evidence by affidavit and not hold an evidentiary hearing;

II.   Whether the SPCR court erred in rejecting Jenkins' claims of ineffective assistance of trial and appellate counsel;

III.  Whether the SPCR court erred in rejecting Jenkins' claim of ineffective assistance of post-conviction counsel; and

IV.   Whether the SPCR court erred in rejecting Jenkins' claim that the Indiana Supreme Court violated his constitutional right to equal protection under the law.

## Facts and Procedural History

Jenkins and Timothy D. Thomas entered Darrick C. Lawson's apartment, intending to rob him. Jenkins and Thomas had handguns and wore gloves. Lawson's girlfriend, Shalia R. Rogers, was in an upstairs room when they arrived. Jenkins entered her room and ordered her to go downstairs. Seeing that Jenkins was armed, she complied.

[4] Jenkins and Thomas restrained Lawson and Rogers with tape. After Lawson denied having any drugs or money, Jenkins heated up a spoon and threatened to torture Rogers with it. Lawson then admitted that he had hidden money in his mattress. After Jenkins retrieved $300 from Lawson's mattress, he stated that the amount was less than they had hoped for. Thomas attempted to strangle Lawson with a rope. Lawson broke free of his restraints, picked up a nearby handgun, and shot Thomas seven times, killing him. Jenkins fled.

[5] In 1997, the State charged Jenkins with felony murder, two counts of robbery (Lawson and Rogers), and two counts of criminal confinement (Lawson and Rogers). The jury determined Jenkins was not guilty of robbing Rogers but was guilty of the remaining charges.

[6] Jenkins appealed, arguing: (1) the felony murder statute was inapplicable to his case; (2) there was insufficient evidence to sustain his convictions; and (3) his convictions of felony murder and robbery violated his constitutional protections against double jeopardy. The Indiana Supreme Court vacated Jenkins' remaining robbery conviction on double jeopardy grounds but otherwise affirmed. *See Jenkins v. State*, 726 N.E.2d 268 (Ind. 2000).

[7] In 2001, Jenkins filed a pro se petition for post-conviction relief, which he withdrew in 2002. In 2004, he filed another pro se petition, which his counsel amended in 2013. The post-conviction court held an evidentiary hearing in 2014 (PCR-1 hearing), at which Jenkins was represented by counsel. In 2015, the court denied Jenkins' amended petition and entered judgment for the State,

concluding Jenkins had "failed to prove his claim on the merits by a preponderance of the evidence." Appellant's App. Vol. 2, p. 15. Jenkins did not appeal.

[8] In 2016, Jenkins moved this Court for permission to file a successive petition for post-conviction relief. A panel of this Court granted Jenkins' motion. *Jenkins v. State*, Cause No. 02A05-1609-SP-2263 (Ind. Ct. App. Nov. 23, 2016). The SPCR court clerk filed Jenkins' successive petition.

[9] On December 14, 2016, the State moved the SPCR court to require Jenkins to submit his case by affidavit. The court granted the motion. On January 17, 2017, Jenkins filed an amended successive petition. He later filed an affidavit in support of his claims, and the State filed a response.

[10] On September 6, 2017, the SPCR court issued findings of fact, conclusions thereon, and a judgment denying Jenkins' amended successive petition for post-conviction relief. Jenkins filed a motion to correct error, which was deemed denied. This appeal followed.

# Discussion and Decision

## I. Standard of Review

[11] A petitioner for post-conviction relief is obligated to raise all available grounds for relief in the original petition and bears the burden of proving the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1. To prevail on appeal from the denial of post-conviction relief, the petitioner must

show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Johnson v. State*, 670 N.E.2d 59 (Ind. Ct. App. 1996).

[12] A post-conviction proceeding "is not a substitute for a direct appeal from the conviction and/or the sentence . . . ." P-C. R. 1(1)(b). Similarly, "[p]roper successive petitions contain claims that by their nature could not have been raised in earlier proceedings. Claims that could have been, but were not, raised in earlier proceedings and otherwise were not properly preserved are procedurally defaulted." *Matheney v. State*, 834 N.E.2d 658, 662 (Ind. 2005).

## II. Denial of Evidentiary Hearing

[13] Jenkins argues the SPCR court erred in granting the State's request to decide the case by affidavit and dispense with a hearing. He argues that he raised issues of material fact that required the court to hold a hearing at which his trial, appellate, and PCR-1 attorneys should have testified.

[14] When a post-conviction petitioner proceeds without counsel, "the court at its discretion may order the cause submitted upon affidavit." Ind. Post-Conviction Rule 1(9)(b). The court need not order the petitioner to be present "unless his presence is required for a full and fair determination of the issues raised at an evidentiary hearing." *Id.* If a post-conviction court orders the case submitted by affidavit, after reviewing the affidavits "it is the court's prerogative to determine whether an evidentiary hearing is required." *Smith v. State*, 822

N.E.2d 193, 201 (Ind. Ct. App. 2005), *trans. denied.* We review the court's decision to forego a hearing under an abuse of discretion standard. *Id.*

[15] One of the three issues Jenkins raises on appeal is procedurally defaulted and should not have been raised in successive post-conviction proceedings. In addition, as we discuss below, Jenkins did not provide sufficient evidence to support the other two claims and justify an evidentiary hearing. For these reasons, the SPCR court did not abuse its discretion in granting the State's request to decide the case by affidavit and declining to hold a hearing.

## III. Ineffective Assistance - Trial and Appellate Counsel

[16] In his successive petition, Jenkins raised numerous claims of ineffective assistance of trial and appellate counsel. Jenkins did not ask the SPCR court to take judicial notice of the trial record, choosing instead to submit excerpts from the transcript, jury instructions, and other documents. In addition, he did not ask the court to obtain the record from his direct appeal. As a result, he failed to ensure that the court had a proper record to address his claims.

[17] In any event, after reviewing his claims of ineffective assistance, we conclude that he could have raised the claims during his PCR-1 proceeding. Indeed, Jenkins conceded as much in his initial successive petition. Appellant's App. Vol. 2, p. 34. Thus, these claims are waived. *See Bethel v. State*, 110 N.E.3d 444 (Ind. Ct. App. 2018) (claim of ineffective assistance of trial counsel waived;

appellant could have raised claim in prior post-conviction proceeding), *trans. denied*.[1]

## IV. Ineffective Assistance – PCR-1 Counsel

[18]   Jenkins claims his PCR-1 counsel rendered ineffective assistance by failing to raise certain issues and by failing to pursue a post-conviction appeal. There is no federal or state constitutional right to the assistance of counsel in post-conviction proceedings. *Baum v. State*, 533 N.E.2d 1200 (Ind. 1989). As a result, the performance of post-conviction counsel is reviewed under a "highly deferential standard." *Daniels v. State*, 741 N.E.2d 1177, 1190 (Ind. 2001). If counsel in fact appeared and represented the petitioner in a procedurally fair setting that resulted in a judgment of the court, it is not necessary to judge his performance by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Baum*, 533 N.E.2d 1200.

[19]   In this proceeding, Jenkins failed to ask the SPCR court to take judicial notice of the trial record. He also failed to ask the court to obtain the record of his direct appeal. Jenkins instead attached self-serving excerpts from the transcript and jury instructions to his proposed findings of fact and conclusions thereon. As the petitioner, he bore the burden of establishing a factual basis for his claims. Without the complete records from Jenkins' trial and direct appeal,

---

[1] Similarly, Jenkins appears to directly challenge several decisions by the trial court, such as the trial court's method of communicating with the jury during deliberations. Appellant's Br. p. 24. Jenkins may not raise "[f]reestanding claims of fundamental error" in a post-conviction proceeding. *Graham v. State*, 941 N.E.2d 1091, 1097 (Ind. Ct. App. 2011).

neither the SPCR court nor this Court can determine whether Jenkins' PCR-1 counsel should have raised different claims during the PCR-1 hearing and on appeal and failed to meet the *Baum* standard. Jenkins has failed to demonstrate that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court.

## V. Equal Protection

[20] Several months after Jenkins' PCR-1 proceeding ended, the Indiana Supreme Court issued a decision in *Layman v. State*, 42 N.E.3d 972 (Ind. 2015). In *Layman*, the Supreme Court reversed a conviction of felony murder, deeming the evidence to be insufficient.

[21] Jenkins argues that the facts of his case are identical to the facts in *Layman*. He further claims that the Supreme Court, by rejecting his challenge to the sufficiency of the evidence supporting his felony murder conviction in 2000 while finding in favor of Layman in 2015, violated his rights to equal protection of the law under the federal and state constitutions.

[22] Jenkins' claim is novel. None of the authorities he cites discuss an equal protection claim arising out of an appellate court's rulings in unrelated cases. Instead, Jenkins cites to numerous cases discussing the history of the felony murder charge in Indiana and urges the Court to compare the facts of his case to the facts of *Layman*. We conclude that Jenkins is in substance merely asking the Court to reconsider his sufficiency of the evidence claim in light of the *Layman* case. His request is procedurally barred. *See State v. Holmes*, 728

N.E.2d 164, 168 (Ind. 2000) ("a petitioner for post-conviction relief cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define an alleged error").

# Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Kirsch, J., and Altice, J., concur.