David TOLSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 285S64PS.

Supreme Court of Indiana.

Feb. 20, 1986.

David Tolson, Westville, pro se.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for State.

SHEPARD, Justice.

Appellant David Tolson was confronting charges of dealing in cocaine, a Class A felony, and possession of cocaine, a Class C felony, in 1983 when he reached an agreement with the State to plead guilty to the former charge in return for dismissal of the latter and a recommendation that he serve a twelve year sentence.

About a year later, he filed a Petition for Post-Conviction Relief in which he alleged a variety of errors, including failure of the trial court to advise him adequately of his rights before he entered his plea of guilty. His Petition was denied by the trial court and he now appeals.

Tolson alleges in his Petition that the trial judge failed to comply with certain requirements of Ind.Code § 35–35–1–2, specifically that he inform the defendant of any possible increased sentence by reason of the fact of a prior conviction or convictions and any possibility of the imposition of consecutive sentences. He cites *German v. State* (1981), Ind., 428 N.E.2d 234, and asserts that he is entitled to have his conviction set aside.

The State has filed a waiver of its right to brief this case, conceding that the existing precedent of this Court requires that Tolson be granted relief.

Our review of the record indicates that even under the standard used by this Court prior to *German,* this appellant would be entitled to have his Petition granted. *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714. The record shows that during the sentencing hearing the trial judge asked the prosecutor to explain to Tolson the maximum sentence to which he was subject under the pending charges. The prosecutor responded by saying that the maximum sentence under the charge of dealing in cocaine was fifty years and that the maximum under the charge of possession was four years. This was erroneous; the maximum term was eight years. Ind.Code § 35–50–2–6. Informed in court that he was facing fifty-four years, appellant was in fact facing fifty-eight.

We note that this Court has recently amended section 10 of Rule 1 of the Rules of Procedure for Post-Conviction Remedies in a way which may affect further proceedings in this case. When this case returns to the trial court, if the prosecutor chooses to offer Tolson the same twelve-year recommended sentence which he tendered earlier, Tolson will have to decide whether he wishes to take the same offer he accepted

before. If he chooses instead to go to trial or simply plead guilty, he will face the entire range of sentences which he confronted back in 1983, up to the maximum of fifty-eight years.

This amendment to the post-conviction rules became effective January 1, 1986, for petitions upon which relief is granted after that date.

The judgment of the trial court is reversed and appellant's conviction is vacated. This case is remanded to the trial court for further proceedings.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result with opinion.

DeBRULER, Justice, concurring in result.

When appellant put his post-conviction petition into the judicial hopper, section 10 of the rules governing post-conviction proceedings provided that the new sentence following success of a petition, could not be more severe than the original one. This blanket protection was lifted effective January 1, 1986, by an amendment adopted by this court. The situation of inmates was thus altered to their disadvantage. In my view, this disadvantage, while not inappropriate in nature, cannot be fairly visited upon those inmates who, like appellant, reached the decision to file in reliance upon the blanket protection then provided by section 10. I agree that this question should be now resolved, but I would resolve it so as to provide that the old rule remains applicable to new sentences meted out because of successful petitions filed prior to January 1, 1986.