**Ronald Ray LITTLE, Appellant,**
**(Defendant below),**

v.

**STATE of Indiana, Appellee,**
**(Plaintiff below).**

No. 1184S448.

Supreme Court of Indiana.

Dec. 24, 1986.

Barrie C. Tremper, Chief Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Ronald Ray Little pleaded guilty to one count of attempted murder and one count of robbery, both class A felonies. Subsequently, the trial court granted his Petition for Post-Conviction Relief and vacated the judgment and sentence. Appellant proceeded to trial in the Allen Circuit Court on the same two charges. The jury returned guilty verdicts on both counts and Appellant was sentenced to two, consecutive, thirty (30) year terms. The following issues are raised on direct appeal:

1. Appellant's motion for continuance and request for private counsel, and effectiveness of trial counsel;

2. jury instructions and verdict forms regarding lesser included offenses;

3. sentencing; and

4. alleged defects in the charging information.

Appellant arrived at the Lassus Brothers service station in Fort Wayne at about 3:30 p.m. on January 23, 1982, and requested assistance. He stayed at the station until about 5:30, at which time he brandished a handgun, took three bundles of money, forced the victim into a back room, and shot him twice in the back. The victim was able to notify the police and describe his assailant before being taken to the hospital for treatment of his gunshot wounds. The police followed Appellant into a public library, apprehended him, and took him to the hospital, where the victim made a positive identification.

I

Trial Counsel was appointed on November 7, 1983. On January 9, 1984, Appellant moved for a speedy trial, and jury trial was set for March 7, 1984. On March 1, 1984, Appellant sought a continuance and waived his right to a speedy trial. A hearing was held on March 5, 1984, at which continuance was denied. On the morning of trial, Appellant moved, *pro se*, to dismiss his attorney. The only reason Appellant has asserted to support his motion is that his attorney "did not have an opportunity to adequately prepare for his trial." Appellant's failure to provide us with a transcript of the hearing severely hindered our review of this issue. At the sentencing hearing, however, Appellant's attorney stated he had "more than enough time" to prepare for trial, that he visited Appellant several times at the jail, and that he did a "great deal of preparation" on his own.

Ind.Code § 35–36–7–1 provides for a continuance upon a proper showing of an absence of evidence or the illness or absence of the defendant or a witness. Any other continuance is within the sole discretion of the trial court. *Clarkson v. State* (1985), Ind., 486 N.E.2d 501, 504; Ind.R.Tr.P. 53.5. Appellant has made absolutely no showing that a continuance was required. His sole rationale for his motion,· that his attorney did not have time to ade-quately prepare, was contradicted by the attorney. The trial court was within its discretion in denying the motion.

In regard to Appellant's allegation that the trial court erred in denying his request for private counsel, Appellant simply raises this allegation without any supporting argument. The issue is waived. *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 491.

In a related, and equally general argument, Appellant further contends he was denied effective assistance of counsel because his attorney did not have sufficient time to prepare. Appellant alleges Trial Counsel "did not file certain and various motions as requested by the defendant." There is no showing as to the merits of these motions or their potential for aiding Appellant's defense. The decision to file particular motions is one of trial strategy, and will not be an indication of ineffective assistance of counsel absent an express showing to the contrary. *Harrison v. State* (1986), Ind., 496 N.E.2d 49, 53. Appellant has failed to make the showing of incompetence and prejudice contemplated in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–693, U.S. *reh. denied* (1984), 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864. *See also Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 96, *cert. denied* (1986), —— U.S. ——, 106 S.Ct. 1241, 89 L.Ed.2d 349.

II

Appellant was charged with class A robbery based on the fact that "he did knowingly and by using and threatening the use of force on Wayne J. Miller ... with a handgun did shoot said Wayne J. Miller in the back causing serious bodily injury, take property...." Appellant now alleges error because the trial court refused to give a portion of his proposed instruction which dealt with robbery as a class B or class C felony. The court also denied Appellant's request that the trial court provide the jury

with a form verdict for robbery as a class B and class C felony.

The fact that an offense is includable within a greater offense does not automatically entitle the defense to an instruction. *Jones v. State* (1982), 438 N.E.2d 972, 975. The test pursuant to *Lawrence v. State* (1978), 268 Ind. 330, 337, 375 N.E.2d 208, 212, is to examine the charging instrument and the evidence. Where the evidence shows the crime committed was the one charged, the court is not required to instruct on lesser offenses. *Goodpaster v. State* (1980), 273 Ind. 170, 176, 402 N.E.2d 1239, 1243; *Phillips v. State* (1978), 177 Ind.App. 10, 12, 377 N.E.2d 666, 668, *reh. denied* (1979). The charging instrument language, as set forth above, makes it clear that the State stressed the infliction of two gunshot wounds to victim's back, as well as his subsequent medical treatment. The defense did not contradict the commission of a class A robbery. Appellant attempted to show someone else committed the crime. The evidence at trial led to one of two conclusions: either Appellant was the person who robbed and shot the victim, or it was some other person. Neither side produced evidence that Appellant robbed the victim but did not use a deadly weapon or cause serious bodily injury. Therefore, the evidence did not warrant either the rejected portion of the instruction, or the requested verdict form. We find no error here.

### III

Pursuant to his original plea agreement, Appellant was sentenced to two concurrent thirty (30) year terms. This sentence was set aside when he was granted post-conviction relief. Upon being tried and convicted before a jury on the same charges, Appellant was sentenced to two thirty (30) year terms, this time to be served consecutively. The trial court amply supported the enhanced sentence by pointing out that there were two distinct and separate acts here; the attempted execution designed to prevent identification; the heinous and malicious conduct involved; the lack of legal and social responsibility, as well as moral conscience; the necessity to deter others and to insulate the community from the recurrent risk of similar conduct; and finally, because a concurrent sentence would depreciate the seriousness of the crime. The trial court further pointed out that the factual support for the enhanced sentence did not come fully to light until the trial.

Appellant cites Ind.R.P.C. 1 § 10 (1984), which stated if a prosecution is initiated against a successful petitioner of post-conviction relief, and that petitioner subsequently is convicted, or if a sentence is set aside under our post-conviction relief rules and the petitioner is resentenced, the new sentence may not be more severe than the original sentence. However, in effect at that same time was Ind.Code § 35–50–1–5, which held that under those same circumstances, the subsequent sentence could be more severe. We have since revised our post-conviction rule to under those same circumstances, the subsequent sentence could be more severe. We have since revised our post-conviction rule to conform with the statutory provision as long as the court includes in the record of the sentencing hearing, a statement of reasons in support of the sentence.

The trial court, in the present case, applied our new rule in a careful and precise manner. However, in light of *Tolson v. State* (1986), Ind., 493 N.E.2d 454, 454, and *Tolson v. State* (1986), Ind., 489 N.E.2d 42, 42–43, *reh. granted* (1986), we find the present case is governed by our former rule precluding such sentencing. Ind.R. P.C. 1, § 10 (1984). We therefore remand this case for resentencing of concurrent sentences.

### IV

Finally, Appellant maintains the charging information was defective in that it did not support the charge of attempted murder because it did not specifically state that Appellant intended to murder the victim. This argument was first raised by way of a Motion to Amend Allegations to Appellant Brief, filed *pro se,*

three weeks after Appellant's Brief was filed. Appellant did not move to dismiss the allegedly defective charge at the initial hearing as provided by Ind.Code § 35–34–1–4 (Burns Supp.1984), nor did he raise this argument at his second arraignment or in his Motion to Correct Errors. The issue is therefore waived as being untimely raised. *Salahuddin v. State* (1986), Ind., 492 N.E.2d 292, 296; *Bond v. State* (1986), Ind., 489 N.E.2d 504, 507. Furthermore, the purpose of an information is to advise the defendant of the particular crime charged so that he can prepare a defense; absence of detail is fatal only if the phraseology misleads the defendant or fails to give him notice of the charges against him. *McGee v. State* (1986), Ind., 495 N.E.2d 537, 538. The present information cited the attempt statute, and stated that Appellant attempted to murder the victim by shooting the victim in the back with a handgun and inflicting serious bodily injury. The charging information here was not defective.

This cause is remanded to the trial court for resentencing in light of Ind.R.P.C. 1, § 10 (1984). The trial court is, in all other respects, affirmed.

GIVAN, C.J., and DeBRULER and DICKSON, JJ., concur.

SHEPARD, J., not participating.