**Wade A. STEELE, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 03S00–8601–CR–103.

Supreme Court of Indiana.

April 11, 1989.

C. Richard Marshall, Marshall, Thomasson & Garber, Columbus, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Wade A. Steele was found guilty of murder, theft, and robbery. In this direct appeal he seeks reversal of his convictions, claiming ineffective assistance of counsel due to allegedly inadequate preparation and conduct of trial. The issue was raised in the defendant's motion to correct errors, pursuant to which an evidentiary hearing was held. The defendant now claims the following failures of trial counsel: (a) not spending enough trial preparation time with the defendant; (b) not investigating and obtaining proof of the defendant's claim that he called the local hospital to report the whereabouts of the presumed injured but not dead victim; (c) not hiring an alcohol/drug expert regarding the effect of alcohol and drugs on the defendant's state of mind at the time of the crime; and (d) not investigating a post-crime automobile accident.

Reversal for ineffective assistance of counsel is appropriate in cases where a defendant shows both (a) that counsel's performance fell below an objective standard of reasonableness, and (b) that said deficient performance so prejudiced the defendant as to deprive him of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. A claim of ineffective assistance must identify the claimed errors of counsel, so that the court may determine whether, in light of all circumstances, the counsel's actions were outside the range of professionally competent assistance. The proper measure of attorney performance is reasonableness under prevailing professional norms. It shall be strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. If deficient performance of counsel can be proven, the defendant must further show a reasonable probability that it altered the outcome of the case. *Strickland, supra; Chupp v. State* (1987), Ind., 509 N.E.2d 835; *Burr v. State* (1986), Ind., 492 N.E.2d 306; *Price v. State* (1985), Ind., 482 N.E.2d 719; *Jackson v. State* (1985), Ind., 483 N.E.2d 1374; *Seaton v. State* (1985), Ind., 478 N.E.2d 51.

At the hearing on his motion to correct errors, the defendant testified that he had very little contact with his attorney until two days before the trial, at which time he met with his attorney for about 1½ hours. He claims that previous meetings at his arraignments were merely perfunctory in nature. He characterizes the meeting two days before trial and a meeting the next day as the only meaningful opportunities to discuss the trial strategy, tactics, and witnesses for his defense. He contends that during these meetings he informed his attorney for the first time of possible corroborating witnesses or incidents which would bolster his story at trial. He also claims that he asked counsel to hire an investigator to check into his stories, to hire a drug/alcohol expert to testify about the effects of alcohol upon his thinking processes, and to request a continuance in order to further prepare the case for trial. He contends that because counsel failed to meet with him at some earlier point, the investigation into these matters was unsuccessful, causing counsel to be unprepared for trial and the defendant's credibility to be lessened before the jury because of his inability to corroborate his story and further corroborate his intoxication defense, thereby prejudicing his case. However, his overriding pivotal concern is that the failure to take these trial preparation steps prevented counsel from adequately presenting evidence distinguishing the charge of murder from the lesser offense of manslaughter.

The defendant's trial counsel testified that he consulted extensively with several

of the defendant's family members regarding the defendant's story and that he pursued or followed up on the leads provided to him. He testified that he counselled with the defendant at the time of his arraignments in greater detail than merely cursory matters and that he located some witnesses provided to him whose testimony tended to corroborate the defendant's story and produced them at trial. Counsel pursued the defendant's defense of intoxication and his defense regarding his state of mind at trial, both during direct and cross examination of the witnesses. Counsel followed up on the leads regarding the call to the hospital and the auto accident, which proved unsuccessful. It was at the direction of the defendant that counsel did not call Greg Furkin, who spent time with the defendant on the day of the crime and who might have corroborated the defendant's story regarding the car incident.

The State's rebuttal witnesses testified that the hospital had no record of any alleged call, nor did anyone know of the call, and that the city police logs did not disclose any calls or dispatches regarding a vehicle accident at the location the defendant claims the car wreck occurred.

At the post-trial evidentiary hearing, the defendant did not produce any witnesses or other evidence substantiating his claim that he was either 1) involved in a car wreck or 2) that he placed the alleged telephone call to the hospital indicating where the missing victim could be found. The defendant did not present expert testimony at the hearing to establish that probative evidence regarding the defendant's alleged alcoholic state at the time of the incident was available and would have altered the outcome.

We find that the evidence fails to demonstrate either deficient performance or resulting prejudice as required to support a claim of reversible ineffective assistance of counsel.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.