Ronald MARSHALL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9203–CR–89.

Court of Appeals of Indiana,
Fifth District.

Oct. 27, 1992.

Transfer Denied Dec. 29, 1992.

Stephen Laudig, Laudig & George, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

Ronald Marshall appeals his conviction for public indecency,[1] a Class A misdemeanor. On appeal Marshall raises three issues for our review:

(1) Was the evidence sufficient to support the conviction?

(2) Does the alleged defect in the charging Information amount to fundamental error?

(3) Did Marshall receive ineffective assistance of counsel?

We affirm.

The record before us reveals on August 8, 1991, Rick Dwenger was working as an undercover officer for the Indianapolis Police Department. In the evening hours on that date Officer Dwenger was sitting in his pickup truck parked at City Municipal Park. Marshall drove up in his car and parked next to the Officer's truck. A person later identified as Gale Collett was seated in Marshall's car as a passenger.

Marshall exited his car and walked slowly around the truck. Officer Dwenger exited the truck, and after a few minutes Marshall approached him. The two men proceeded to have a long conversation in which Marshall suggested they get together for sex and gave the undercover officer his telephone number. At one point Marshall left to find a restroom and the Officer and Collett spoke briefly.

Stating that he needed to leave, the Officer entered his truck and drove off. Marshall followed as the Officer drove through a number of parking lots in the park. Officer Dwenger parked his truck in a parking lot next to a wooded area. Marshall parked his car immediately in front of the truck, got out of his car, and walked alone into the woods. Officer Dwenger got out of his truck and found Marshall by following the sound of Marshall's whistling. Marshall told the undercover officer to relax, and then requested the Officer to expose his penis. Officer Dwenger declined, and Marshall began tapping the Officer's thigh with the back of his hand, working his hand upward until he was tapping the Officer's genital area. Marshall repeated his request that Officer Dwenger expose his penis and the Officer again declined. The undercover officer left the wooded area and shortly thereafter arrested Marshall.

The State charged Marshall with the offense of public indecency, alleging that he had fondled the Officer in a public place. Marshall was tried to the bench without the intervention of a jury.

Additional facts will be recited below where relevant.

### I.

Marshall argues there was insufficient evidence to support his conviction because the State failed to prove he fondled the Officer. Marshall contends that the statutory use of the term "fondling" refers to the notion of a "caress" and asserts that his relatively impersonal act of "tapping" Officer Dwenger was not an act of fondling within the generally accepted meaning of that term.

In reviewing a claim of sufficiency of the evidence our standard of review is

---

**1.** Ind.Code § 35–45–4–1(a)(4).

well-settled. We will neither reweigh the evidence nor judge the credibility of witnesses. We examine only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom and if there is substantial evidence of probative value to support the conviction, it will not be set aside. *Litel v. State* (1988), Ind., 527 N.E.2d 1114.

Indiana Code § 35–45–4–1(a)(4) provides that:

PUBLIC INDECENCY—INDECENT EXPOSURE—(a) A person who knowingly or intentionally, in a public place:

\* \* \* \* \* \*

(4) Fondles the genitals of himself or another person; commits public indecency a class A misdemeanor.

■ The term fondle has not been defined by the legislature. In such circumstances penal statutes are to be strictly construed against the State and should be held to prohibit only that conduct which is clearly within the spirit and letter of the statutory language. *Lasko v. State* (1980), Ind.App., 409 N.E.2d 1124, 1127. However, criminal statutes are not to be narrowed to the point that they exclude cases which the language fairly covers. *Barger v. State* (1992), Ind., 587 N.E.2d 1304, *reh. denied.*

■ The word fondle is defined as: "to handle tenderly, or lingeringly; treat caressingly: caress." *Webster's Ninth New International Dictionary* 480 (1984). In the case before us the trier of fact was entitled to determine that Marshall's conduct in tapping Dwenger's thigh and working his way upward until he was tapping Dwenger's genital area was "handling" Dwenger "lingeringly" and thereby constituted an act of fondling within the meaning of I.C. § 35–45–4–1(a)(4). Marshall's conduct is fairly covered by the language of the statute and the evidence was sufficient to sustain the conviction.

## II.

For the first time on appeal, Marshall asserts that the State's charging Information failed to present an adequate statement of the criminal acts which he was alleged to have committed. Marshall argues the Information contains no specific facts but merely recites the elements of the statute with the inclusion of the name of the complaining witness. He claims that the offense with which he was charged is not described with sufficient particularity to permit a defense of double jeopardy in the event of a subsequent prosecution. *See Little v. State* (1986), Ind., 501 N.E.2d 447. Marshall concludes that the alleged Information fails to charge a crime at all and the defect warrants reversal.

■ Any challenge to the adequacy of an information must be made by motion to dismiss prior to arraignment. Otherwise, any error in that regard is waived. *Stwalley v. State* (1989), Ind., 534 N.E.2d 229, *reh. denied.* Marshall did not challenge the Information at the trial court level but seeks to elude waiver on appeal by asserting fundamental error.

■ In order to be fundamental, error must be so prejudicial to the rights of a defendant that he could not have received a fair trial. *Howey v. State* (1990), Ind., 557 N.E.2d 1326. Waiver may be so avoided only if the mistake constitutes a clearly blatant violation of basic and elementary principles and the resulting harm or potential for harm must be substantial. *Grey v. State* (1990), Ind., 553 N.E.2d 1196, *reh. denied; Perry v. State* (1984), Ind., 471 N.E.2d 270.

■ In this case the form document which the State used as an information is set forth as follows:

148

STATE OF INDIANA
Marion County { ss:

**FILED**

AUG 1 2 1991

IN THE MUNICIPAL COURT

*Faye J. Mowery*

STATE OF INDIANA
vs.

RONALD L. MARSHALL

INFORMATION

PUBLIC INDECENCY
IC 35-45-4-1    CLASS A MISDEMEANOR

49F-099108C M102828

The undersigned affiant, does hereby affirm under the penalty of perjury that

On AUGUST 12, 1991 , at _____ in Marion County,
State of Indiana RONALD L. MARSHALL , did unlawfully and know-
ingly, in a public place, to-wit GARFIELD PARK , 2400 S. Shelby

(engage in the act of sexual intercourse). (engage in deviate sexual conduct, to-wit: _____ )
(appear in a state of nudity) (fondle the genitals of RICK DUWENGER _____ )

All of which is contrary to the laws of the State of Indiana.

X _Rick Duwenger_

RICK DUWENGER

State's Witnesses:

_Duwenger C. D-7246 I.P.D._

Printed Name

Approved by: _____

Deputy Prosecuting Attorney
Nineteenth Judicial District

0009

*Record* at 9.

By failing to merely delete the inapplicable portions of this form Information, the State appears to have charged the defendant with all four varieties of public indecency.[2] It is a fundamental tenet of pleading criminal causes that the Information must set forth "the nature and elements of the offense charged in plain and concise language...." Ind.Code § 35–34–1–2(a)(4). As our supreme court observed over three decades ago:

> [I]t is the well established rule in this State that the particular crime with which the defendant is charged must be shown with such reasonable certainty, by express averments as will enable the court and jury to distinctly understand what is to be tried and determined, and to fully inform the defendant of the particular charge which he is required to meet. The averments must be so clear and distinct that there may be no difficulty in determining what evidence is admissible thereunder.

*Taylor v. State* (1957), 236 Ind. 415, 418, 140 N.E.2d 104, 106. The observations in that case are no less applicable today. *See Little, supra; Green v. State* (1991), Ind. App., 575 N.E.2d 296, *trans. denied; Kerlin v. State* (1991), Ind.App., 573 N.E.2d 445, *trans. denied.*

The Information in this case is bad for duplicity and could not have withstood attack by a timely motion to dismiss. *See Watt v. State* (1968), 249 Ind. 674, 234 N.E.2d 471. However, we cannot say the defect in the Information was so prejudicial to the rights of Marshall that he did not receive a fair trial. The Information alleges that on a specified date, at a particular location the defendant fondled the genitals of Rick Dwenger. Marshall has failed to demonstrate how or in what manner his defense was impeded by the inadequacy of the Information. Nor does Marshall contend that he was unable to meet the evidence presented against him at trial. Un-

der the circumstances, the harm to Marshall caused by the defective Information was not substantial. We find no fundamental error here.

### III.

Marshall next contends his conviction should be reversed because he received ineffective assistance of counsel. Marshall points out his trial counsel failed: (1) to object to the language of the Information, (2) to secure the presence of Gale Collett at trial, (3) to raise the issue of entrapment and (4) to object to hearsay testimony. According to Marshall, his counsel's performance in each instance, and when considered cumulatively, constitutes legal representation falling below an objective standard of reasonableness and resulting in prejudice depriving him of a fair trial. *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291; *Strickland v. Washington* (1984) 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

In our review of this issue, we initially presume that counsel's representation was within the wide range of reasonable professional assistance. *Dillon v. State* (1986), Ind., 492 N.E.2d 661. On appeal of a criminal conviction the defendant has the burden to rebut the presumption of competence with strong and convincing evidence. *Burr v. State* (1986), Ind., 492 N.E.2d 306. In order to prevail on a claim of ineffective assistance of counsel, Marshall must demonstrate: 1) his counsel's representation was deficient and 2) the deficient performance so prejudiced Marshall that he was deprived of a fair trial. *Steele v. State* (1989), Ind., 536 N.E.2d 292. We will not reverse unless it is established that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

We have already determined the harm to Marshall as a result of the defective Information was not substantial. Con-

---

**2.** I.C. § 35–45–4–1 dictates in relevant part: (a) A person who knowingly or intentionally, in a public place: (1) Engages in sexual intercourse; (2) Engages in deviate sexual conduct; (3) Ap-

pears in a state of nudity; or (4) Fondles the genitals of himself or another person; commits public indecency, a class A misdemeanor.

sequently, trial counsel's performance was not rendered ineffective for failing to challenge the document. Marshall also has not demonstrated deficient performance with the failure of his counsel to obtain the presence of Collett at trial. Counsel subpoenaed Collett but neither Marshall nor his counsel knew Collett's address on the day of trial. When Collett did not appear, counsel moved for a continuance so that Collett could be found; the trial court denied the motion. These facts do not support Marshall's contention that trial counsel failed to adequately prepare a defense. *See Williams v. State* (1987), Ind., 508 N.E.2d 1264.

■ Marshall's complaint concerning his entrapment defense is also unpersuasive. The defense of entrapment is available when "the prohibited conduct of the person was the product of a law enforcement officer ... using persuasion or other means likely to cause the person to engage in the conduct...." Ind.Code § 35–41–3–9(a)(1). However, the defense may be rebutted by the State with evidence showing that the accused was predisposed to commit the offense in order to prove the criminal act was not solely the idea of the police. Ind.Code § 35–41–3–9(a)(2); *Battle v. State* (1986), Ind.App., 498 N.E.2d 57.

Here, contrary to Marshall's contention, the record shows the criminal act for which he was charged, was not solely the idea of the undercover police officer. By repeatedly requesting the Officer to expose his penis, Marshall demonstrated his predisposition to commit the offense of public indecency. The Officer merely afforded Marshall an opportunity to engage in the criminal act. Trial counsel's assistance was not rendered ineffective for failing to raise an entrapment defense on Marshall's behalf.

■ Nor did trial counsel render ineffective assistance by failing to object to certain hearsay testimony. Officer Dwenger testified to remarks made by Collett which indicated that Marshall had been arrested on a previous occasion for conduct similar to that of the present case. The State concedes the testimony was inadmissible hearsay. Marshall contends that the hearsay was damaging to the credibility of his own testimony, which contradicted the Officer's version of the events. Arguing that the outcome of this case turned solely on whether the Officer's testimony or his own testimony was believed, Marshall claims that his counsel's failure to object to the admission of the damaging hearsay mandates reversal of his conviction. We do not agree.

Marshall was convicted in a trial to the bench and therefore we presume the trial court judge rendered his decision solely on the basis of relevant and probative evidence. *Ottman v. State* (1979), 272 Ind. 262, 397 N.E.2d 273. We have already determined that there was sufficient evidence to sustain the conviction. Therefore, Marshall has failed to establish that but for counsel's failure to object to the Officer's hearsay testimony, the result of this case would have been any different.

Finally, Marshall asserts the accumulation of errors during the course of trial resulted in prejudice sufficient to sustain his claim of ineffective assistance of counsel. Marshall has presented a number of allegations which, according to Marshall, amount to deficient performance. In addressing these allegations we have determined that counsel's performance was not deficient. It is axiomatic that an accumulation of non-deficiencies cannot constitute deficient performance. Marshall's argument must therefore fail.

Judgment affirmed.

BUCHANAN, J., concurs.

BARTEAU, J., dissents with opinion.

BARTEAU, Judge, dissenting.

I respectfully dissent. I cannot agree that the defendant's "tapping" with the back of his hand against Dwenger's thigh and genital area constituted a "fondling" within the meaning of Ind.Code 35–45–4–1(a)(4). A penal statute must be strictly construed against the State and must be held to prohibit only that conduct which is clearly within the spirit and letter of the statutory language. *Lasko v. State* (1980),

Ind.App., 409 N.E.2d 1124. When construing a statute, "[w]ords and phrases shall be taken in their plain, or ordinary and usual, sense." *Owens v. State* (1981), Ind.App., 424 N.E.2d 169, 172 (quoting I.C. 1–1–4–1).

As the majority notes, "fondle" is defined as: "to handle tenderly, or lingeringly; treat caressingly: caress." *Webster's Ninth New International Dictionary* (1984). It is also defined as: "to handle or stroke with affection; caress lovingly with the hands." *The American Heritage Dictionary of the English Language* (1981). "Caress" is defined as: "to touch or stroke in an affectionate or loving manner." *Id.* In construing the language in I.C. 35–45–4–2(2) to the effect that "[a] person who knowingly or intentionally fondles, or offers or agrees to fondle, the genitals of another person ... commits prostitution ...," the court in *Owens* concluded that "fondle" encompassed the act of a woman putting a penis between her breasts until ejaculation. This conclusion was reached by determining that manual manipulation is not an essential element of "fondling," and that "fondle" as used in I.C. 35–45–4–2 "clearly and unequivocally refers to consensual physical contact between persons which may or may not be manual." *Id.*

Although not discussed by the majority, I do not believe that the conclusion of the court in *Owens* that "fondle" means physical contact is controlling here. In *Owens* more than a mere "touching," with or without the hands, was offered. Thus, the court did not need to hold that mere contact was sufficient to constitute "fondling." Further, examination of the statutes indicates that the legislature contemplates "fondling" to be something more than a mere touch. Clearly the legislature does not equate the terms. For example, battery is defined as *"touch[ing]* another person in a rude, insolent or angry manner...." I.C. 35–42–2–1 (emphasis added). Sexual battery is defined as *touching* with the intent to arouse or satisfy sexual desires when the touching is accomplished by force or threat of force. I.C. 35–42–4–8 (emphasis added).

On the other hand, prostitution includes *"fondl[ing]* ... the genitals of another person," but the statute does not use the word "touch." I.C. 35–45–4–2(2) (emphasis added). Public indecency is likewise defined as *"fondling"* and not touching. I.C. 35–45–4–1(a)(4) (emphasis added). However, child molesting is defined as *fondling or touching* with intent to arouse or satisfy sexual desires. I.C. 35–42–4–3 (emphasis added). Vicarious sexual gratification is defined as directing, aiding, inducing, or causing a child to *touch or fondle* himself or another child with intent to arouse or satisfy sexual desires. I.C. 35–42–4–5 (emphasis added). Likewise, child solicitation includes "any *fondling or touching* intended to arouse or satisfy ... sexual desires." I.C. 35–42–4–6 (emphasis added).

The above statutes illustrate that the legislature draws a distinction between "fondle" and "touch." The legislature exhibits a conscious decision to define some offenses as "touchings," some offenses as "fondling" and some offenses as "touching" or "fondling." It is just as important to realize what a statute does not say as to recognize what it does say. *City of Muncie v. Campbell* (1973), 156 Ind.App. 59, 295 N.E.2d 379. Although the legislature has consciously used both "fondle" and "touch" in other statutes, the public indecency statute under which Marshall was convicted does not say "touching" another person's genitals in a public place constitutes public indecency. Clearly the legislature contemplates something more than a mere "touch" when an offense is defined with the term "fondle." The evidence in this case shows that Marshall merely touched Dwenger by "tapping" Dwenger's genital area with the back of his hand. I cannot agree that this act is encompassed by the common meaning of the word "fondle."

I would reverse the conviction for insufficient evidence.